JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Champaine Echols, individually, and on behalf of all other similarly situate consumers

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013  (862) 227-316

## DEFENDANTS

Premiere Credit of North America, LLC

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 et seq.
Brief description of cause:
Illegal Debt Collection

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE
09/09/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3757 N. 18th Street, #2, Philadelphia, PA 19140 _____

Address of Defendant: _____ 2002 Wellesley Blvd., Indianapolis, Indiana 46219 _____

Place of Accident, Incident or Transaction: _____ 3757 N. 18th Street, #2, Philadelphia, PA 9140 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/09/2019    _____    321521

        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____ FDCPA, 15 USC 1692 et seq. _____

**B.**    *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Nicholas Linker _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 09/09/2019    _____    321521

        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Champaine Echols | : | CIVIL ACTION |
| v. | : | |
| Premiere Credit of North America, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X)

| | | |
|---|---|---|
| 9/9/19 | Nicholas Linker | Plaintiff, Champaine Echols |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 862-227-3106 | 973-282-8603 | nl@zemellawllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 or 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAMPAINE ECHOLS, individually, and on behalf of all other similarly situated consumers, | Case No.: |
| Plaintiff, | COMPLAINT -- |
| vs. | CLASS ACTION |
| PREMIERE CREDIT OF NORTH AMERICA, LLC, | |
| Defendant. | |

Plaintiff, Champaine Echols (hereinafter "Plaintiff"), individually, and on behalf of all other similarly situated consumers, hereby alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in Philadelphia, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant Premiere Credit of North America, LLC ("Defendant" or "Premier") is a corporation doing business in the Commonwealth of Pennsylvania, with its corporate address as 2002 Wellesley Blvd, Indianapolis, Indiana 46219 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.      On or about November 27, 2018, Defendant sent Plaintiff the letter attached as Exhibit A, presenting the current amount due as $173.93, for a personal credit card bill from Synovus Bank.

7.      Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8.      Exhibit A is false, deceptive, and misleading given Defendant's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

9.      The collection letter states the following in small print:

> *Amounts listed are current as of 11/27/2018. Amounts may increase or decrease due to application of payments and/or adjustments. Please call (888) 403-1637 for a payoff amount.

10.     The above language provided by Defendant is ambiguous as to what adjustments may be made to the current balance—whether it will increase or not.

11.     This ambiguity is material because it directly affects the consumer's choice to pay the debt. The least sophisticated consumer may believe that Defendant will charge interest or some other collection fee if the consumer waits to pay. Upon information and belief, the balance will not change as a result of "adjustments."

12.     For this reason, the wording is false, deceptive, and misleading.

2

## CLASS ACTION ALLEGATIONS

### The Class

13.    Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

14.    Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers with a Pennsylvania address that have received the same form letter as Exhibit A from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

15.    Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or

other entity related to or affiliated with the Defendant, including, without limitation, persons who

are officers, directors, employees, associates or partners of the Defendant.

### Numerosity

16.    Upon information and belief, Defendant has sent collection letters in an attempt to collect

a debt to hundreds if not thousands of consumers throughout Pennsylvania, each of which violates

the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of

all members is impracticable.

17.    The letters sent by the Defendant, and received by the Class, are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

18.    The exact number and identities of the Class members are unknown at this time and can

only be ascertained through discovery. Identification of the Class members is a matter capable of

ministerial determination from Defendant's records.

### Common Questions of Law and Fact

19.    There are questions of law and fact common to the class that predominates over any

questions affecting only individual Class members. These common questions of law and fact

include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii)

3

whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

20.     The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

21.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22.     Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

23.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

24.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

28.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29.     Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

<u>COUNT I</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. §1692 *et seq.*</u>

30.    Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

31.    Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

32.    Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff respectfully requests that this Court do the following for the benefit of Plaintiff:

> A.  Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;
>
> B.  Enter judgment against Defendant for statutory damages pursuant to the FDCPA;
>
> C.  Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;
>
> D.  Award costs and reasonable attorneys' fees;

6

E.  Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

33.     Plaintiff demands a jury trial on all issues so triable.

Dated this 9th of September, 2019.

Respectfully Submitted,

Nicholas Linker, Esq.
**Zemel Law LLC**
1373 Broad St., Suite 203-C
Clifton, NJ 07013
(P) (862) 227-3106
nl@zemellawllc.com
*Attorney for Plaintiff*

7

ONPCNA01
PO Box 1280
Oaks PA 19456-1280
**ADDRESS SERVICE REQUESTED**

**PREMIERE CREDIT**
*of North America, LLC*
Complaints or Compliments? Call Toll-free 855-403-1894

**(888) 403-1637 TOLL FREE**

November 27, 2018

☐ Please check if address has changed.
Note new address on reverse.

Creditor: **First Progress Card (Synovus Bank)**
Reference #: 62379618

3002      877954586
‖‖⁗‖⁗‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
**CHAMPAINE ECHOLS**

Philadelphia PA 19140-3532

PREMIERE CREDIT OF NORTH AMERICA, LLC
PO BOX 19309
INDIANAPOLIS  IN 46219-0309
‖‖⁗‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

PLEASE RETURN UPPER PORTION WITH PAYMENT.   COMPLETE REVERSE SIDE IF YOU HAVE A NEW ADDRESS AND RETURN TO ADDRESS ABOVE

**Total Amount Due ***      **$173.93**      *Amounts listed are current as of 11/27/2018.  Amounts may increase or decrease due to application of payments and/or adjustments. Please call (888) 403-1637 for a payoff amount.

**< SEE REVERSE SIDE FOR DETAILED ACCOUNT INFORMATION >**

Your account owed to the above listed creditor for your First Progress Card 5443 0300 0268 5615 has been referred to Premiere Credit of North America, LLC for the purpose of securing payment.

Please mail all payments and correspondence to:        Premiere Credit of North America, LLC
P.O. Box 19309
Indianapolis, IN 46219

You may make payment online at www.mypcna.com.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify us in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing, within 30 days after receiving this notice, we will provide the name and address of the original creditor, if different from the current creditor.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**\* PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION \***

113 ONPCNA01_3002